## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>KIDDE-FENWAL, INC.,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 23-10638 (LSS) |
| KIDDE-FENWAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ACE AMERICAN INSURANCE<br>COMPANY, *et al.,*<br><br>Defendants. | Adv. Proc. No. 23-50758 (LSS) |

**OPENING BRIEF IN SUPPORT OF MOTION OF CERTAIN DEFENDANTS
IN ADVERSARY PROCEEDING NO. 23-50758 TO WITHDRAW THE
REFERENCE TO THE BANKRUPTCY COURT PURSUANT TO
28 U.S.C. 157(d) AND BANKRUPTCY RULE 5011(a)**

Maria Aprile Sawczuk (No. 3320)
GOLDSTEIN & MCCLINTOCK LLLP
501 Silverside Road, Suite 65
Wilmington, DE 19809
Telephone: (302) 444-6710
Facsimile: (302) 444-6709
marias@goldmclaw.com

Mark J. Leimkuhler (admitted p*ro hac vice*)
Jessica R. Lobis Buckwalter (admitted *pro hac vice*)
LEWIS BAACH KAUFMANN
MIDDLEMISS PLLC
1050 K Street, NW, Suite 400
Washington, DC 20001
Telephone: (202) 833-8900
Facsimile: (202) 466-5738
mark.leimkuhler@lbkmlaw.com
jessica.buckwalter@lbkmlaw.com

---

[1] The last four digits of Kidde-Fenwal, Inc.'s tax identification number are 5282. The Debtor's corporate headquarters is located at 400 Main Street, Ashland, Massachusetts 01721.

David Christian, Esq. (admitted *pro hac vice*)
DAVID CHRISTIAN ATTORNEYS LLC
105 W. Madison Street, Suite 2300
Chicago, IL 60602
Telephone: (312) 282-5282
dchristian@dca.law

*Attorneys for Wellfleet New York Insurance Company, formerly known as Atlanta International Insurance Company; Columbia Casualty Company; The Continental Insurance Company, on its own behalf and as successor-in-interest to Harbor Insurance Company and London Guarantee and Accident Company of New York; and Government Employees Insurance Company (GEICO)*

Stamatios Stamoulis (No. 4606)
STAMOULIS & WEINBLATT LLC
800 N. West Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 999-1540
Facsimile: (302) 762-1688
stamoulis@swdelaw.com

Andrew Frackman (admitted *pro hac vice*)
Tancred Schiavoni (admitted *pro hac vice*)
Eli A. Grossman (admitted *pro hac vice*)
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036-6524
Telephone: (212) 326-2000
Facsimile: (212) 326-2061
afrackman@omm.com
tschiavoni@omm.com
egrossman@omm.com

*Counsel for Ace American Insurance Company, Century Indemnity Company (as successor to CIGNA Specialty Insurance Company f/k/a California Union Insurance Company; and as successor to CCI Insurance Company, as successor to Insurance Company of North America), Federal Insurance Company, and Pacific Employers Insurance Company*

Marc Casarino, Esq. (No. 3613)
Jillian G. Dennehy, Esq. (admitted *pro hac vice*)
KENNEDYS CMK LLP
919 North Market Street, Suite 1550
Wilmington, DE 19801
Telephone: (302) 308-6647
Marc.casarino@kennedyslaw.com
jillian.dennehy@kennedyslaw.com

George R. Calhoun, Esq.
(*pro hac vice forthcoming*)
IFRAH LAW PLLC
1717 Pennsylvania Avenue, NW, Suite 650
Washington, DC 20006
Telephone: (202) 524-4147
george@ifrahlaw.com

*Counsel for TIG Insurance Company, as successor to Gibraltar Casualty Company, and Evanston Insurance Company*

Robert K. Beste (No. 3931)
SMITH, KATZENSTEIN & JENKINS, LLP
1000 North West Street, Suite 1501
Wilmington, DE 19801
Telephone:  (302) 652-8400
rkb@skjlaw.com

Paul R. Koepff (admitted *pro hac vice*)
Ryan R. Westerfield (admitted *pro hac vice*)
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, NY 10174
Telephone: (212) 710-3900
paul.koepff@clydeco.us
ryan.westerfield@clydeco.us

Tony L. Draper (admitted *pro hac vice*)
WALKER WILCOX MATOUSEK LLP
1001 McKinney Street, Suite 2000
Houston, TX 77002
Telephone:  (713) 654-8001
tdraper@walkerwilcox.com

Fred L. Alvarez (admitted *pro hac vice*)
WALKER WILCOX MATOUSEK LLP
One North Franklin Street
Suite 3200
Chicago, IL 60606-3610
Telephone: (312) 244-6700
falvarez@walkerwilcox.com

*Counsel for Defendant Endurance American Specialty Insurance Company*

Richard W. Riley (No. 4052)
Stephen B. Gerald (No. 5857)
WHITEFORD, TAYLOR & PRESTON LLC
600 North King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 353-4144
rriley@whitefordlaw.com
sgerald@whitefordlaw.com

Laurie A. Kamaiko
SAUL EWING LLP
1270 Avenue of the Americas
Suite 2800
New York, NY 10020
Telephone: (202) 333-8800
laurie.kamaiko@saul.com

Clarence Y. Lee
Matthew Antonelli
SAUL EWING LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, DC 20006-3434
Telephone: (202) 333-8800
clarence.lee@saul.com
matt.antonelli@saul.com

*Attorneys for American Guarantee and Liability Insurance Company and Zurich American Insurance Company*

Louis J. Rizzo, Jr. (No. 3374)
REGER RIZZO & DARNALL LLP
1521 Concord Pike, Suite 305
Brandywine Plaza West
Wilmington, DE 19803
Telephone:  (302) 477-7100
lrizzo@regerlaw.com

Stephen V. Gimigliano (admitted *pro hac vice*)
John Maloney (admitted *pro hac vice*)
Christopher K. Kim (admitted *pro hac vice*)
GIMIGLIANO MAURIELLO &
MALONEY, P.A.
163 Madison Avenue, Suite 500
P.O. Box 1449
Morristown, NJ 07962-1449
Telephone:  (973) 946-8360
sgimigliano@lawgmm.com
jmaloney@lawgmm.com
ckim@lawgmm.com

*Attorneys for Defendant Travelers Casualty and Surety Company*
*(f/k/a The Aetna Casualty and Surety Company)*

M. Claire McCudden (No. 5036)
MARSHALL DENNEHEY, P.C.
1007 N. Orange Street, Suite 600
P.O. Box 8888
Wilmington, DE 19899-8888
Telephone: (302) 552-4354
Facsimile: (302) 552-4340
MCMcCudden@MDWCG.com

Sarah D. Gordon (admitted *pro hac vice*)
Johanna Dennehy (admitted *pro hac vice*)
Ansley Seay (admitted *pro hac vice*)
STEPTOE LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000
Facsimile: (202) 429-3902
sgordon@steptoe.com
jdennehy@steptoe.com
aseay@steptoe.com

*Counsel for First State Insurance Company and Twin City Fire Insurance Company*

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

JURISDICTION AND VENUE .......................................................................................... 2

NATURE AND STAGE OF THE PROCEEDINGS ......................................................... 3

SUMMARY OF ARGUMENT .......................................................................................... 3

STATEMENT OF FACTS ................................................................................................. 3

ARGUMENT ...................................................................................................................... 5

I.   THIS MOTION IS TIMELY. ...................................................................................... 5

II.  GOOD CAUSE EXISTS TO WITHDRAW THE REFERENCE. .............................. 6

    A.  The Insurance Coverage Adversary Proceeding is a "Non-Core" Proceeding
        that the Bankruptcy Court Lacks Authority to Finally Adjudicate. .................... 7

    B.  KFI Has Demanded a Trial by Jury of Its Claims in the Insurance Coverage
        Adversary Proceeding. ......................................................................................... 9

    C.  Withdrawing the Reference Will Promote Uniformity in Administration. ...... 10

        1.  This Court's Handling of the Adversary Proceeding From the Outset Will
            Promote Uniformity in Administration. ...................................................... 10

        2.  This Court Can Promote Uniformity in Administration by Drawing a Line
            Between the Bankruptcy Court's Article I Role In Core Bankruptcy Matters
            and This Court's Article III Role as to Non-Core Insurance Coverage Issues ........ 11

    D.  Withdrawal of the Reference Will Reduce Confusion and Will Not Promote
        Forum Shopping. ............................................................................................... 12

    E.  Withdrawing the Reference Will Promote Judicial Economy and Expedite the
        Bankruptcy Process............................................................................................ 13

NOTICE............................................................................................................................ 13

CONCLUSION................................................................................................................. 14

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Allied Prods. Corp. v. Hartford Accident & Indemnity Co. (In re Allied Prods. Corp.)*,
    2003 U.S. Dist. LEXIS 2596 (N.D. Ill. Feb. 20, 2003) ............................................................9

*Amatex Corp. v. Aetna Cas. & Surety Co. (In re Amatex Corp.)*,
    107 B.R. 856 (E.D. Pa. 1989), *aff'd* 908 F.2d 961 (3d Cir. 1990)...........................................8

*In re Appleseed's Intermediate Holdings, LLC*,
    2011 WL 6293251 (D. Del. Dec. 15, 2011)................................................6, 11, 12, 13

*In re Boy Scouts of Am.*,
    642 B.R. 504 (Bankr. D. Del. 2022), *aff'd*, 650 B.R. 87 (D. Del. 2023), appeal
    docketed, No. 23-1664 (3d Cir. Apr. 11, 2023).........................................................11, 12, 13

*DeWitt Rehab. & Nursing Ctr., Inc. v. Columbia Cas. Co.*,
    464 B.R. 587 (S.D.N.Y. 2012)............................................................................................9

*Dynegy Danskammer, L.L.C. v. Peabody COALTRADE Int'l Ltd.*,
    905 F. Supp. 2d 526 (S.D.N.Y. 2012).................................................................................11

*Enviro-Scope Corp. v. Westinghouse Elec. Corp.*,
    57 B.R. 1005 (E.D. Pa. 1985) ...............................................................................................6

*Executive Benefits Ins. Agency v. Arkinson (In re Bellingham Ins. Agency, Inc.)*,
    134 S. Ct. 2165 (2014).....................................................................................................7, 8

*In re FTX Trading Ltd.*,
    2024 WL 21542 (D. Del. Jan. 2, 2024).............................................................................5, 6

*Lawrence Group v. Hartford Cas. Ins. Co. (In re Lawrence Group, Inc.)*,
    285 B.R. 784 (N.D.N.Y. 2002)..............................................................................................9

*In re NDEP Corp.*,
    203 B.R. 905 (D. Del. 1996)................................................................................................10

*Nw. Inst. of Psychiatry, Inc. v. Travelers Indem. Co.*,
    272 B.R. 104 (E.D. Pa. 2001) .............................................................................................11

*In re Petition of McMahon*,
    222 B.R. 205 (S.D.N.Y. 1998).............................................................................................12

*In re Pruitt*,
    910 F.2d 1160 (3d Cir. 1990)..........................................................................6, 10, 12, 13

*QA3 Fin Corp. v. Catlin Specialty Ins. Co.*,
   2012 U.S. Dist. LEXIS 11714 (D. Neb. Feb. 1, 2012) ...........................................8

*In re Schlein*,
   188 B.R. 13 (E.D. Pa. 1995) ...................................................................................5

*Silverman v. Tudor Ins. Co. (In re Lenders Abstract & Settlement Serv.)*,
   493 B.R. 385 (E.D.N.Y. 2013) ...............................................................................9

*Stern v. Marshall*,
   564 U.S. 462 (2011)............................................................................................7, 9

*Travelers Indem. Co. v. Babcock & Wilcox Co.*,
   2002 U.S. Dist. LEXIS 2477 (E.D. La. Jan. 23, 2002) ..........................................9

*In re U.S.A. Floral Prods., Inc.*,
   2005 WL 3657096 (D. Del. July 1, 2005) ...................................................5, 10, 11

*In re Uni Marts, LLC*,
   2009 WL 1631821 (D. Del. June 11, 2009)...........................................................10

*In re United States Brass Corp.*,
   110 F.3d 1261 (7th Cir. 1997) ...............................................................................8

*In re Visteon Corp.*,
   2011 WL 1791302 (D. Del. May 9, 2011)..............................................................10

*Wellman Thermal Sys. Corp. v. Columbia Cas. Co.*,
   2005 U.S. Dist. LEXIS 45725 (S.D. Ind. Oct. 5, 2005) .........................................9

*Wellness Int'l Network, Ltd. v. Sharif*,
   135 S. Ct. 1932 (2015)........................................................................................7, 8

**Statutes**

11 U.S.C. § 1107(a) .....................................................................................................3

11 U.S.C. § 1108.........................................................................................................3

28 U.S.C. § 157...........................................................................................1, 2, 5, 6, 7, 13

28 U.S.C. § 1334.........................................................................................................2

28 U.S.C. § 1408.........................................................................................................2

28 U.S.C. § 1409.........................................................................................................2

United States Code title 11 chapter 11....................................................................1, 3, 7

**Other Authorities**

Federal Rule of Bankruptcy Procedure 2002 ..................................................................................13

Federal Rule of Bankruptcy Procedure 5011 ..............................................................................1, 2

Local Bankruptcy Rule 5011-1 ...................................................................................................1, 2

The undersigned, Certain Defendants to Adversary Proceeding No. 23-50758 (herein, "Movants"),[2] pursuant to 28 U.S.C. § 157(d), Federal Rule of Bankruptcy Procedure 5011, and Local Bankruptcy Rule 5011-1, submit this opening brief in support of their motion for the entry of an order withdrawing the reference of the above-captioned adversary proceeding to the United States Bankruptcy Court for the District of Delaware (the "Motion").

## **INTRODUCTION**

The United States District Court for the District of Delaware (the "District Court" or "this Court") may withdraw the reference of an adversary proceeding to the Bankruptcy Court on a timely motion and "for cause shown." 28 U.S.C. § 157(d). For the reasons set forth below, the Motion is timely and cause exists here.

On May 14, 2023 (the "Petition Date"), Kidde-Fenwal, Inc. ("KFI") filed a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code"). KFI asserts that it has been named as a defendant in thousands of actions relating to aqueous film-forming foam, or "AFFF," prior to the Petition Date, and that the potential AFFF-related liabilities it faces were a significant factor in the decision to commence these bankruptcy proceedings.

On November 9, 2023, KFI commenced this adversary proceeding by filing its Complaint [Adv. Docket No. 1] against its insurers and alleged insurers to determine the existence and scope of insurance coverage that may be available for the underlying AFFF claims. As such, this

---

[2] Movants include Wellfleet New York Insurance Company, formerly known as Atlanta International Insurance Company; Columbia Casualty Company; The Continental Insurance Company, on its own behalf and as successor-in-interest to Harbor Insurance Company and London Guarantee and Accident Company of New York; Government Employees Insurance Company (GEICO); American Guarantee and Liability Insurance Company; Zurich American Insurance Company; Endurance American Specialty Insurance Company; Travelers Casualty and Surety Company (f/k/a The Aetna Casualty and Surety Company); Ace American Insurance Company; Century Indemnity Company (as successor to CIGNA Specialty Insurance Company f/k/a California Union Insurance Company; and as successor to CCI Insurance Company, as successor to Insurance Company of North America); Federal Insurance Company; Pacific Employers Insurance Company; TIG Insurance Company, as successor to Gibraltar Casualty Company; Evanston Insurance Company; First State Insurance Company; and Twin City Fire Insurance Company.

1

adversary proceeding exclusively involves complex matters of state law with respect to the interpretation and application of numerous insurance contracts. Several decisions of the United States Supreme Court, and the rulings of numerous other courts, firmly establish that bankruptcy courts lack the constitutional authority to enter final orders or judgments on any of the insurance contract claims at issue.

Because this litigation is limited to state law contract interpretation regarding insurance coverage, this litigation is a non-core proceeding in which the Bankruptcy Court may not enter a final order absent the consent of the parties (and Movants do not consent). If this matter proceeds in the Bankruptcy Court, any final recommendation the Bankruptcy Court issues on the claims in the adversary proceeding would be subject to *de novo* review by the District Court. Moreover, KFI has demanded a jury trial on all issues raised by its Complaint (Movants intend also to demand a jury trial when submitting responsive pleadings), over which the Bankruptcy Court lacks authority to preside. For these reasons, and considerations of efficiency and judicial economy, the Court should immediately withdraw the automatic reference of this adversary proceeding to the Bankruptcy Court.

## JURISDICTION AND VENUE

Without waiving any and all defenses they may have relating to personal jurisdiction, process, or service of process, Movants state that:

1.     This Court has subject matter jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334;

2.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

3.     The statutory and legal predicates for the relief sought herein are 28 U.S.C. § 157(d), Bankruptcy Rule 5011, and Local Rule 5011-1.

## NATURE AND STAGE OF THE PROCEEDINGS

This adversary proceeding was commenced by KFI only three months ago on November 9, 2023, asserting claims for insurance coverage against numerous insurers with respect to potential liabilities that KFI asserts it faces in connection with AFFF claims. No discovery or court conferences have yet taken place in the adversary proceeding.

## SUMMARY OF ARGUMENT

The District Court should grant the Motion and withdraw the reference of the adversary proceeding from the Bankruptcy Court.

1.     The Motion is timely. The adversary proceeding is only three months old, no discovery or court conferences have taken place, and the Motion is being filed on the same day as Movants' first response to the Complaint.

2.     Good cause exists to withdraw the reference under the applicable standards for doing so.  The adversary proceeding is a non-core proceeding that the Bankruptcy Court lacks authority to finally adjudicate. In addition, KFI has demanded a jury trial, over which the Bankruptcy Court will not be able to preside. Movants intend to demand a jury trial as well when submitting responsive pleadings. Moreover, withdrawal will promote uniformity in bankruptcy administration; and it will reduce confusion and will not promote forum shopping.

## STATEMENT OF FACTS

KFI filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code on the Petition Date. KFI continues to operate as debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On November 9, 2023, KFI filed its Complaint commencing this adversary proceeding against numerous insurers, including Movants, asserting claims for insurance coverage relating

to its asserted potential liabilities for AFFF claims. KFI's Complaint alleges that it is successor in interest to rights under numerous insurance policies allegedly issued by defendant insurers to alleged predecessors of KFI. Based on those alleged contractual rights, KFI's Complaint asserts (i) a claim of breach of contract against certain alleged primary insurers (including defendants Travelers Casualty and Surety Company f/k/a The Aetna Casualty and Surety Company, Insurance Company of North America, RSA Insurance Group Limited, and Zurich American Insurance Company) for their alleged failure to fulfill contractual duties to defend KFI in underlying AFFF-related actions (Complaint, ¶ 156); and (ii) claims for declaratory relief against all defendants in the adversary proceeding (including Movants) based on KFI's contentions that all insurers are contractually obligated to defend KFI or pay its costs to defend the AFFF-related actions, and to indemnify KFI for amounts it may become legally obligated to pay as a result of judgments in or settlements of those actions.  *Id.* ¶¶ 155, 157-58.

The Complaint alleges that each of the policies identified in the adversary proceeding "provides broad coverage for claims seeking damages due to alleged bodily injury, personal injury, and/or property damage arising out of the manufacture, sale, and distribution of AFFF."  *Id.* ¶ 115. In particular, the Complaint alleges that the insurers have a contractual duty to indemnify under the insurance policies which encompasses "all sums for which it becomes legally obligated to pay as allocated by KFI in the event of judgment, settlement, or otherwise, as a result of the AFFF Claims or any similar AFFF-related claims that may be filed in the future."  *Id.* ¶ 158(a). The Complaint alleges that, "[u]pon information and belief, none of the Policies contain terms that apply to preclude coverage for the AFFF Claims."  *Id.* ¶ 123. It further alleges that "[d]espite multiple requests, no Primary Insurer has agreed to defend KFI against the AFFF Claims or reimburse KFI's defense costs," and that "no Insurer has acknowledged its coverage obligations to

KFI for the AFFF Claims" or "agreed to provide coverage for those Claims upon exhaustion of any applicable underlying limits." *Id.* ¶¶ 125-26. KFI's Complaint states that it "seeks declaratory relief against all Insurers and damages from the Primary Insurers arising out of the Insurers' failure to acknowledge or perform their contractual obligations ... under the Policies." *Id.* ¶ 10; *see also id.* ¶¶ 155, 157-58 (seeking declaratory relief as to all insurers); ¶ 156 (seeking "compensatory damages and consequential damages ... for the Primary Insurers' breach of their contractual duty to defend KFI")*.* The Complaint "requests a trial by jury on all issues." *Id.* p. 25.

## ARGUMENT

Bankruptcy courts are not Article III courts; they derive their jurisdiction from the district courts' referral of bankruptcy matters pursuant to 28 U.S.C. § 157(a).  But, just as a district court may refer a case to bankruptcy court, it may withdraw that reference. Under 28 U.S.C. § 157(d), a "district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown."  As shown below, the Motion is timely, and good cause exists to withdraw the reference of the adversary proceeding in this case.

## I.    THIS MOTION IS TIMELY.

 "A Section 157(d) motion is timely if it is filed at the first reasonable opportunity after the movant has notice of the grounds for removal, taking into consideration the circumstances of the proceeding." *In re FTX Trading Ltd.*, 2024 WL 21542, at *5 (D. Del. Jan. 2, 2024) (quoting *In re Schlein*, 188 B.R. 13, 14 (E.D. Pa. 1995)). Timeliness is "measured by the stage of the proceedings in the Bankruptcy Court." *Id.* (quoting *In re U.S.A. Floral Prods., Inc.*, 2005 WL 3657096, at *1 (D. Del. July 1, 2005) (internal quotation marks omitted)). Earlier this year, in *FTX Trading*, this Court found a motion to withdraw the reference to be timely where "the case is in its early stages of litigation and little discovery has been taken." *Id.*

Plainly here as well, the instant Motion to is timely. KFI initiated this adversary proceeding only three months ago, in November 2023; no discovery has taken place; no court conferences have been held; and the Motion is being filed contemporaneously with Movants' first response to the Complaint. Thus, the Bankruptcy Court has invested no significant judicial resources in adjudicating the adversary proceeding.

## II.     GOOD CAUSE EXISTS TO WITHDRAW THE REFERENCE.

A district court may "withdraw, in whole or in part, any case or proceeding referred under [Section 157] . . . for cause shown."  28 U.S.C. § 157(d). Courts have "broad discretion in determining whether to withdraw a matter from the bankruptcy court."  *Enviro-Scope Corp. v. Westinghouse Elec. Corp.*, 57 B.R. 1005, 1008 (E.D. Pa. 1985).

The statute does not define "cause shown," but this Court has identified a number of factors to be considered, including whether the proceeding for which withdrawal is sought concerns "core" or "non-core" claims, and whether a jury trial is sought. *See FTX Trading*, 2024 WL 21542 at *2; *see also In re Appleseed's Intermediate Holdings, LLC*, 2011 WL 6293251, at *2 (D. Del. Dec. 15, 2011) ("determination of whether the claims are core or non-core guides a cause analysis"; "[a]lso relevant … is whether defendants are entitled to a jury trial, and if so, whether the trial is likely and whether the bankruptcy court has the power to hold such a jury trial").  This Court also considers factors listed by the United States Court of Appeals for the Third Circuit in *In re Pruitt*, 910 F.2d 1160 (3d Cir. 1990): "promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." *Appleseed's*, 2011 WL 6293251, at *2 (quoting *Pruitt*, 910 F.2d at 1171). Here, all  the foregoing factors weigh in favor of withdrawing the reference.

**A.    The Insurance Coverage Adversary Proceeding is a "Non-Core" Proceeding that the Bankruptcy Court Lacks Authority to Finally Adjudicate.**

In three rulings within the last 13 years, the United States Supreme Court has confirmed that any final decision of the Bankruptcy Court on the claims in the adversary proceeding are subject to *de novo* review by the District Court. *See Stern v. Marshall*, 564 U.S. 462 (2011); *Executive Benefits Ins. Agency v. Arkinson (In re Bellingham Ins. Agency, Inc.)*, 134 S. Ct. 2165 (2014); *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932 (2015). Thus, in order to avoid wasting judicial resources on duplicative and unnecessary proceedings, there is cause here to withdraw the reference.

Bankruptcy proceedings fall into three statutory categories: (1) those that "aris[e] under title 11"; (2) those that "aris[e] in" a title 11 case; and (3) those that are "related to a case under title 11."  28 U.S.C. § 157(a). Under the Bankruptcy Code, bankruptcy judges are permitted to hear and enter final judgments in "all core proceedings arising under title 11, or arising in cases under title 11," 28 U.S.C. § 157(b), but, absent consent of the parties, only to submit proposed findings of fact and conclusions of law to the district court in "non-core" proceedings otherwise "related to a case under title 11."   28 U.S.C. § 157(c)(1). Such findings are subject to *de novo* review by the district court. *Id.*

In *Stern v. Marshall*, the Supreme Court held that 28 U.S.C. § 157(b)(2)(C) – which provides that "counterclaims by the estate against persons filing claims against the estate" are "core" bankruptcy matters which bankruptcy judges can "hear and determine" – impermissibly delegates the "judicial power of the United States" to non-Article III bankruptcy judges.  *Stern*, 131 S. Ct. at 2600-01, 2604. Thus, *Stern* makes clear that even "some claims labeled by Congress as 'core' may not be adjudicated by a bankruptcy court in the manner designated by § 157(b)."  *In re Bellingham*, 134 S. Ct. at 2172. If a district court refers a non-core claim to a

bankruptcy court for adjudication, the bankruptcy court can only issue proposed findings of fact and conclusions of law, which the district court will then review *de novo*. *Id*. at 2170. As shown below, the claims asserted in KFI's Complaint are indisputably non-core, and plainly fall outside the Bankruptcy Court's authority to finally adjudicate.

In its Complaint, KFI asserts breach of contract claims against certain defendants (the "Primary Insurers") and seeks a declaratory judgment concerning its alleged rights under insurance contracts allegedly issued by all defendants. KFI states that it seeks "damages against the Primary Insurers for breach of their contractual duty to defend [it] against the AFFF Claims" and "a declaration of rights, duties, and liabilities of the parties under the [insurance] Policies at issue." Complaint, ¶ 10. It asserts that an "actual controversy of a justiciable nature presently exists between KFI and the Insurers concerning the proper construction of the Policies and the extent of the Insurers' duty to defend, pay and/or reimburse KFI" in connection with the AFFF claims. *Id*. ¶129.

KFI's claims thus assert state law issues of insurance contract interpretation. Courts have repeatedly held that determining the scope and validity of insurance coverage is a non-core proceeding for which the bankruptcy court cannot enter a final order.[3] Consequently, bankruptcy courts presented with insurance coverage disputes routinely permit the dispute to be adjudicated in an appropriate non-bankruptcy forum. *See, e.g., In re United States Brass Corp.*, 110 F.3d 1261 (7th Cir. 1997) (bankruptcy court remanded and abstained from adjudicating coverage dispute in favor of state court); *QA3 Fin Corp. v. Catlin Specialty Ins. Co.*, 2012 U.S. Dist.

---

[3]  *See, e.g., Amatex Corp. v. Aetna Cas. & Surety Co. (In re Amatex Corp.)*, 107 B.R. 856, 863 (E.D. Pa. 1989), *aff'd* 908 F.2d 961 (3d Cir. 1990) (holding that insurance coverage declaratory judgment action are non-core and final orders must be entered by district court). There is one exception to this rule. If all parties consent, a bankruptcy court may adjudicate claims such as those presented in the insurance coverage adversary proceeding.  *See Wellness Int'l Network Ltd.*, 135 S. Ct. 1932 (2015). In this case, Movants do not consent.

LEXIS 11714 (D. Neb. Feb. 1, 2012) (bankruptcy court granted relief from stay to permit coverage litigation to proceed in non-bankruptcy forum). Even if the dispute were statutorily core (which it is not), the Bankruptcy Court still could not enter a final order because the litigation is simply a state law contract dispute. *See generally Stern v. Marshall*, 564 U.S. 462 (2011).

Moreover, when non-core insurance coverage litigation is commenced in bankruptcy court and there is no existing non-bankruptcy forum to which the matter can be deferred, district courts routinely withdraw the reference so that unnecessary duplication of effort is avoided and the matter can be determined with finality in a single proceeding. *See, e.g., Silverman v. Tudor Ins. Co. (In re Lenders Abstract & Settlement Serv.)*, 493 B.R. 385 (E.D.N.Y. 2013); *DeWitt Rehab. & Nursing Ctr., Inc. v. Columbia Cas. Co.*, 464 B.R. 587 (S.D.N.Y. 2012); *Wellman Thermal Sys. Corp. v. Columbia Cas. Co.*, 2005 U.S. Dist. LEXIS 45725 (S.D. Ind. Oct. 5, 2005); *Allied Prods. Corp. v. Hartford Accident & Indemnity Co. (In re Allied Prods. Corp.)*, 2003 U.S. Dist. LEXIS 2596 (N.D. Ill. Feb. 20, 2003); *Travelers Indem. Co. v. Babcock & Wilcox Co.*, 2002 U.S. Dist. LEXIS 2477 (E.D. La. Jan. 23, 2002); *Lawrence Group v. Hartford Cas. Ins. Co. (In re Lawrence Group, Inc.)*, 285 B.R. 784 (N.D.N.Y. 2002). The Court should do likewise here.

**B.    KFI Has Demanded a Trial by Jury of Its Claims in the Insurance Coverage Adversary Proceeding.**

In this case, KFI has demanded "a trial by jury on all issues" relating to its breach of contract and declaratory judgment claims. Complaint, ¶ 25. Movants intend to demand a jury trial as well when submitting responsive pleadings. While this Court has noted that a jury demand standing alone generally is not dispositive on a motion to withdraw the reference, "[t]his factor is important, because absent the express consent of both parties and a special designation of jurisdiction by the district court, the bankruptcy court may not hold a jury trial in

9

[a] non-core proceeding." *In re NDEP Corp.*, 203 B.R. 905, 908 (D. Del. 1996). Indeed, in *NDEP Corp.* this Court found that the Bankruptcy Court's lack of authority to hold a jury trial was "reason alone" to compel withdrawal. *Id.* at 914. In all events, it is clearly a key factor in support of withdrawing the reference. *See In re Visteon Corp.*, 2011 WL 1791302, at *4 (D. Del. May 9, 2011) (sufficient cause for permissive withdrawal existed where claim involved state law and party had expressed intention to seek jury trial); *In re Uni Marts, LLC*, 2009 WL 1631821, at *2 (D. Del. June 11, 2009) (ruling, in reliance on *NDEP Corp*, that "withdrawal is appropriate" where "proceeding is non-core, and Defendant has not filed a proof of claim … and has expressed its intention to seek a jury trial"); *In re U.S.A. Floral Products, Inc.*, 2005 WL 3657096 (D. Del. July 1, 2005) ("Because it is essentially conceded that Defendants are entitled to a jury trial, it will likely be more efficient for this court to manage the case through the pretrial process.").

The alternative would be a multi-level process with duplication of judicial resources and delay in final resolution. The most efficient and appropriate path forward is to withdraw the insurance coverage adversary proceeding – which involves state law claims only – so they are heard by the Article III District Court in the first instance.

### C.     Withdrawing the Reference Will Promote Uniformity in Administration.

1.     This Court's Handling of the Adversary Proceeding From the Outset Will Promote Uniformity in Administration.

Turning to the factors specifically identified by the Third Circuit in *Pruitt*, the first, "uniformity in bankruptcy administration," favors withdrawal. *Pruitt*, 910 F.2d at 1168. Litigation of state law insurance coverage issues before this Court best promotes such uniformity. Indeed, nothing could be more uniform than having this one Court handling those matters from day one. In *U.S.A. Floral Products, Inc.*, as noted above, this Court found that the concession that defendants were entitled to a jury trial meant it would "likely be more efficient for this court to

manage the case through the pretrial process." *U.S.A. Floral Products, Inc,* 2005 WL 3657096 at *2.

"Courts routinely have found no benefit [to bankruptcy court adjudication] where claims are based on state law." *Dynegy Danskammer, L.L.C. v. Peabody COALTRADE Int'l Ltd*., 905 F. Supp. 2d 526, 533 (S.D.N.Y. 2012); *see also Appleseed's*, 2011 WL 6293251, at *3 (withdrawal of reference granted "[t]o avoid confusion and future collateral attacks" to judgment issued by the bankruptcy court).

It would be no answer for KFI or others to contend that withdrawal should not take place unless and until there is a trial of the matter. Bifurcating the management of state law insurance claims between the Bankruptcy Court and this Court would be inefficient and create a risk of inconsistent rulings. *See, e.g.*, *Nw. Inst. of Psychiatry, Inc. v. Travelers Indem. Co.*, 272 B.R. 104, 111–12 (E.D. Pa. 2001) ("By transferring the entire adversary matter to the District Court, as opposed to transferring just the trial portion, the District Judge will be better able to closely monitor this case and uniformly resolve all issues which will expedite the adversary action and, in turn, the bankruptcy process.").

2.   This Court Can Promote Uniformity in Administration by Drawing a Line Between the Bankruptcy Court's Article I Role In Core Bankruptcy Matters and This Court's Article III Role as to Non-Core Insurance Coverage Issues.

This Court can further promote uniformity in administration of bankruptcy cases in this District by confirming that the Bankruptcy Court's exercise of its core bankruptcy function should not become entangled with the non-core state law insurance coverage issues raised by the Complaint. *See In re Boy Scouts of Am.,* 642 B.R. 504 (Bankr. D. Del. 2022), *aff'd*, 650 B.R. 87 (D. Del. 2023), appeal docketed, No. 23-1664 (3d Cir. Apr. 11, 2023). In *Boy Scouts* and other mass tort cases, the bankruptcy court in this District regularly takes care to avoid deciding an "insurance coverage issue that is not before the [bankruptcy] court" in performing its Article I

function. *See, e.g., id.* at 632. Withdrawing the reference will help draw the proper line between the core bankruptcy function under Article I and the determination of non-core insurance coverage questions, which should be the role of this Article III tribunal, and thus will serve the interests of uniformity in administration of bankruptcy cases.

### D. Withdrawal of the Reference Will Reduce Confusion and Will Not Promote Forum Shopping.

"[R]educing forum shopping and confusion" likewise counsels for withdrawing the reference. *Pruitt*, 910 F.2d at 1168. This Motion does *not* involve forum shopping; it simply involves allowing the court—within the same judicial district and applying the same law—that is most capable of fully and finally resolving the proceeding to do so. Delaware has one Bankruptcy Court within its District. Whether or not the reference is withdrawn, this Court will be presented with *de novo* consideration of any state law issues of insurance coverage. *See In re Petition of McMahon*, 222 B.R. 205, 208 (S.D.N.Y. 1998) ("Forum shopping would not be encouraged by granting the Defendant's motion as this case involves a non-core proceeding that could have and probably should have been brought in a district court originally.").

Withdrawal will minimize confusion. Even if there were uncertainty about the appropriate forum, that uncertainty would militate in favor of withdrawing the reference. In *Appleseed's*, although the District Court harbored "serious doubts" that the Bankruptcy Court did not have authority to enter final judgments, it nevertheless held that the "prudent action [was] to withdraw the reference," because if authority ultimately proved lacking then "the parties could potentially have to re-litigate the entire case." 2011 WL 6293251, at *3. Thus, the District Court withdrew the reference "[t]o avoid confusion and future collateral attacks on a judgment issued by the Bankruptcy Court." *Id.*

**E.** **Withdrawing the Reference Will Promote Judicial Economy and Expedite the Bankruptcy Process.**

On a motion to withdraw the reference, this Court also considers whether withdrawal will "foster[] the economical use of the debtors' and creditors' resources, and expedit[e] the bankruptcy process." *Id.* at *2 (quoting *Pruitt*, 910 F.2d at 1168). These *Pruitt* factors likewise militate in favor of withdrawal. As in *Appleseed's*, withdrawal here will promote judicial economy since "the parties will not have to expend resources on non-core claims in Bankruptcy Court only for the Bankruptcy Judge to 'propose[ ] findings of fact and conclusions of law to the district court' subject to *de novo* review." *Appleseed's*, 2011 WL 6293521, at *3 (quoting 28 U.S.C. § 157(c)(1)). And withdrawing KFI's non-core state law insurance coverage claims will expedite the bankruptcy process by avoiding "[m]uch ink and much trial time … taken up trying to justify the [Insurance] Findings" in connection with core bankruptcy matters. *Boy Scouts*, 642 B.R. at 623. The Court and the parties will benefit from greater efficiency because "[t]he parties can skip the Bankruptcy Court and proceed directly in this Court, which will eliminate a round of appeals." *Appleseed's*, 2011 WL 6293521, at *3.

\* \* \*

Accordingly, the factors considered by this Court demonstrate that cause exists to withdraw the reference under 28 U.S.C. § 157(d).

## NOTICE

Notice of this Motion will be provided to the following parties: (a) counsel to the Debtor; (b) the Office of the United States Trustee; (c) counsel to the Official Committee of Unsecured Creditors; (d) counsel to the Ad Hoc Committee of Governmental Claimants; and (e) any other party that has requested notice pursuant to Bankruptcy Rule 2002. The Movants submit that, in light of the nature of the relief requested herein, no other or further notice need be given.

## <u>CONCLUSION</u>

For the foregoing reasons, the Movants respectfully request entry of the Proposed Order granting the relief requested herein, and such other and further relief as the Court may deem just and appropriate.

Dated: February 12, 2024                **GOLDSTEIN & MCCLINTOCK, LLP**

*/s/ Maria Aprile Sawczuk*
Maria Aprile Sawczuk (No. 3320)
501 Silverside Road, Suite 65
Wilmington, DE 19809
Telephone: (302) 444-6710; Facsimile: (302) 444-6709
marias@goldmclaw.com

-and-

Mark J. Leimkuhler (admitted *pro hac vice*)
Jessica R. Lobis Buckwalter (admitted *pro hac vice*)
LEWIS BAACH KAUFMANN MIDDLEMISS PLLC
1050 K Street, NW, Suite 400
Washington, DC 20001
Telephone: (202) 833-8900; Facsimile: (202) 466-5738
mark.leimkuhler@lbkmlaw.com
jessica.buckwalter@lbkmlaw.com

-and-

David Christian, Esq. (admitted *pro hac vice*)
DAVID CHRISTIAN ATTORNEYS LLC
105 W. Madison Street, Suite 2300
Chicago, IL 60602
Telephone: (312) 282-5282
dchristian@dca.law

*Attorneys for Wellfleet New York Insurance Company, formerly known as Atlanta International Insurance Company; Columbia Casualty Company; The Continental Insurance Company, on its own behalf and as successor-in-interest to Harbor Insurance Company and London Guarantee and Accident Company of New York; and Government Employees Insurance Company (GEICO)*

**STAMOULIS & WEINBLATT LLC**

*/s/ Stamatios Stamoulis*

Stamatios Stamoulis (No. 4606)
800 N. West Street, Suite 800
Wilmington, DE 19801
Telephone: (302) 999-1540; Facsimile: (302) 762-1688
stamoulis@swdelaw.com

-and-

Andrew Frackman (admitted *pro hac vice*)
Tancred Schiavoni (admitted *pro hac vice*)
Eli A. Grossman (admitted *pro hac vice*)
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036-6524
Telephone: (212) 326-2000; Facsimile: (212) 326-2061
afrackman@omm.com
tschiavoni@omm.com
egrossman@omm.com

*Counsel for Ace American Insurance Company, Century Indemnity Company (as successor to CIGNA Specialty Insurance Company f/k/a California Union Insurance Company; and as successor to CCI Insurance Company, as successor to Insurance Company of North America), Federal Insurance Company, and Pacific Employers Insurance Company*

**KENNEDYS CMK LLP**

*/s/ Marc Casarino*

Marc Casarino (No. 3613)
Jillian G. Dennehy, Esq. (admitted *pro hac vice*)
919 North Market Street, Suite 1550
Wilmington, DE 19801
Telephone: (302) 308-6647
Marc.casarino@kennedyslaw.com
jillian.dennehy@kennedyslaw.com

-and-

15

George R. Calhoun, Esq. (*pro hac vice forthcoming*)
IFRAH LAW PLLC
1717 Pennsylvania Avenue, NW, Suite 650
Washington, DC 20006
Telephone: (202) 524-4147
george@ifrahlaw.com

*Counsel for TIG Insurance Company, as successor to
Gibraltar Casualty Company, and Evanston Insurance
Company*

**SMITH, KATZENSTEIN & JENKINS, LLP**

*/s/ Robert K. Beste*
Robert K. Beste (No. 3931)
1000 North West Street, Suite 1501
Wilmington, DE 19801
Telephone:  (302) 652-8400
rkb@skjlaw.com

-and-

Paul R. Koepff (admitted *pro hac vice*)
Ryan R. Westerfield (admitted *pro hac vice*)
CLYDE & CO US LLP
The Chrysler Building
405 Lexington Avenue, 16th Floor
New York, NY 10174
Telephone: (212) 710-3900
paul.koepff@clydeco.us
ryan.westerfield@clydeco.us

-and-

Tony L. Draper (admitted *pro hac vice*)
WALKER WILCOX MATOUSEK LLP
1001 McKinney Street, Suite 2000
Houston, TX 77002
Telephone:  (713) 654-8001
tdraper@walkerwilcox.com

-and-

16

Fred L. Alvarez (admitted *pro hac vice*)
WALKER WILCOX MATOUSEK LLP
One North Franklin Street, Suite 3200
Chicago, IL 60606-3610
Telephone: (312) 244-6700
falvarez@walkerwilcox.com

*Counsel for Defendant Endurance American Specialty
Insurance Company*


**WHITEFORD, TAYLOR & PRESTON LLC**

*/s/ Richard W. Riley*
Richard W. Riley (No. 4052)
Stephen B. Gerald (No. 5857)
600 North King Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 353-4144
rriley@whitefordlaw.com
sgerald@whitefordlaw.com

-and-

Laurie A. Kamaiko
SAUL EWING LLP
1270 Avenue of the Americas, Suite 2800
New York, NY 10020
Telephone: (202) 333-8800
laurie.kamaiko@saul.com

-and-

Clarence Y. Lee
Matthew Antonelli
SAUL EWING LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, DC 20006-3434
Telephone: (202) 333-8800
clarence.lee@saul.com
matt.antonelli@saul.com

*Attorneys for American Guarantee and Liability
Insurance Company and Zurich American
Insurance Company*

17

**REGER RIZZO & DARNALL LLP**

*/s/ Louis J. Rizzo, Jr.*
Louis J. Rizzo, Jr. (No. 3374)
1521 Concord Pike, Suite 305
Brandywine Plaza West
Wilmington, DE 19803
Telephone:  (302) 477-7100
lrizzo@regerlaw.com

-and-

Stephen V. Gimigliano (admitted *pro hac vice*)
John Maloney (admitted *pro hac vice*)
Christopher K. Kim (admitted *pro hac vice*)
GIMIGLIANO MAURIELLO & MALONEY, P.A.
163 Madison Avenue, Suite 500
P.O. Box 1449
Morristown, NJ 07962-1449
Telephone:  (973) 946-8360
sgimigliano@lawgmm.com
jmaloney@lawgmm.com
ckim@lawgmm.com

*Attorneys for Defendant*
*Travelers Casualty and Surety Company*
*(f/k/a The Aetna Casualty and Surety Company)*

**MARSHALL DENNEHEY, P.C.**

*/s/ M. Claire McCudden*
M. Claire McCudden (No. 5036)
1007 N. Orange Street, Suite 600, P.O. Box 8888
Wilmington, DE 19899-8888
Telephone: (302) 552-4354; Facsimile: (302) 552-4340
MCMcCudden@MDWCG.com

-and-

Sarah D. Gordon (admitted *pro hac vice*)
Johanna Dennehy (admitted *pro hac vice*)
Ansley Seay (admitted *pro hac vice*)
STEPTOE LLP
1330 Connecticut Avenue, NW
Washington, DC 20036
Telephone: (202) 429-3000; Facsimile: (202) 429-3902
sgordon@steptoe.com
jdennehy@steptoe.com
aseay@steptoe.com

*Counsel for First State Insurance Company and
Twin City Fire Insurance Company*